1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11  CABRERA,                                No. C 10-03143 CRB
12              Plaintiff,                   **ORDER GRANTING MOTIONS TO DISMISS**
13     v.
14  LONG BEACH MORTGAGE ET AL,
15              Defendant.
16  _____/
17          Pro se Plaintiff Luis Cabrera has brought suit against Long Beach Mortgage and
18  others, alleging 22 causes of action in connection with a loan repayment agreement entered
19  into on April 27, 2006.  Because just four of those causes of action involve federal claims,
20  and those claims are time-barred, the Court DISMISSES the Complaint; however, it does so
21  (as to all but two claims) without prejudice, provided that Plaintiff can in good faith amend to
22  show his entitlement to equitable tolling of the TILA damages and RESPA claims.

23  **I.      BACKGROUND**

24          On April 27, 2006, Plaintiff entered into a "loan repayment and security agreement"
25  with Defendant Long Beach Mortgage, which required him to repay a preexisting $664,000
26  loan, as well as a second loan of $166,000.  Cmplt. ¶ 2.  The loans were negative
27  amortization loans.  Id.  When Plaintiff's rate adjusted at the two year mark, he was "hit with
28  extreme 'payment shock.'"  Id.

United States District Court
For the Northern District of California

1   Plaintiff asserts that all of the Defendants are liable for Defendant Long Beach's

2   actions based on agency laws. Id. ¶ 24. Plaintiff alleges that Defendants "have been selling

3   loan products that they knew or should have known would never be able to be repaid by the

4   borrower." Id. ¶ 16. He alleges that the Defendants "intentionally concealed the negative

5   implications of the loan they were offering," and that the terms of the transaction were not

6   clear and conspicuous, as required. Id. ¶¶ 17, 19. Specifically he alleges that the negative

7   amortization features of the loan, the fact that he was given the loan based only on his stated

8   income and credit report, Defendants' flawed underwriting procedures, an understated

9   finance charge, improper fees such as a "Yield Spread Premium" and other unspecified items

10  were not disclosed or made clear to him. Id. ¶ 19.[1]

11  Plaintiff further alleges that Defendant Long Beach subsequently sold its interest in

12  the trust deed to Defendant Deutsche, but never perfected its interest and therefore lacks the

13  legal right to foreclose. Id. ¶ 24. He asserts that the Trustee Sale took place on May 6, 2010.

14  Id. ¶ 153.[2] And he claims that Defendants have also "threatened [him] with an unlawful

15  detainer action." Id. ¶ 45.

16  Plaintiff filed suit in state court on May 27, 2010. See Cmplt. His Complaint includes

17  causes of action for: (1) Declaratory Relief; (2) Injunctive Relief; (3) "Determine Nature,

18  Extent and Validity of Lien"; (4) Contractual Breach of Good Faith and Fair Dealing; (5)

19  Violation of TILA; (6) Violation of RESPA; (7) Violation of Cal. Civ. C. § 1916.7b(2); (8)

20  Violation of Cal. Civil C. § 191801920, 1921; (9)Violation of Cal. Civil C. § 1916.7B; (10)

21  Violation of Cal. Civil C. § 1916.7a(8); (11) Violation of Cal. Civil C. § 2079.16;

22  (12)Violation of Cal. Civil C. § 226.23(3); (13) Recission; (14) Fraud; (15) Unfair and

23  Deceptive Acts and Practices; (16) Breach of Fiduciary Duty; (17) Unjust Enrichment; (18)

24

25

26  [1] He also states that Long Beach was paid fees, which were hidden from him; that Defendants
27  "failed to provide Plaintiff with written notice of the furnishing of negative credit information to consumer reporting agency," and that a "California Insurance Disclosure as mandated by law was not provided to him." Id. ¶¶ 31-33.
28

[2] Defendants could not confirm this fact at the motion hearing on December 10, 2010.

1  Unconscionability; (19) Predatory Lending under Cal. Bus. and Prof. C. § 17200; (20) Quiet

2  Title; (21) Wrongful Foreclosure; and (22) Slander of Title.

3      Defendants removed on July 19, 2010 based on the Court's federal question

4  jurisdiction over the TILA and RESPA claims. <u>See</u> Not. of Removal, dckt. no. 1, ¶ 3. Now

5  pending are two separate motions to dismiss by Defendant PMH Financial[3] and by JPMorgan

6  Chase Bank (who acquired certain assets of Washington Mutual Bank, who succeeded Long

7  Beach Mortgage Company). <u>See</u> dckt. nos. 25 and 30. In his Opposition, Plaintiff alleged

8  for the first time that "Plaintiff speak [sic] very little English as he is Pilipino [sic] . . . .

9  Plaintiff was never given a copy of the loan documents in his native Tagalog . . . nor did

10 anyone ever explain to Paintiff what he was signing his name to in his native language of

11 Tagalog." Opp. at 14.

12 **II.    LEGAL STANDARD**

13     A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims

14 alleged in a complaint. <u>Ileto v. Glock, Inc.</u>, 349 F.3d 1191, 1199-2000 (9th Cir. 2003).

15 Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain

16 statement of the claim showing that the pleader is entitled to relief." "Detailed factual

17 allegations" are not required, but the Rule does call for sufficient factual matter, accepted as

18 true, to "state a claim to relief that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 129 S. Ct.

19 1937, 1949 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 570 (2007)).

20 According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads

21 factual content that allows the court to draw the reasonable inference that the defendant is

22 liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility,

23 whether a complaint states a plausible claim is a "context-specific task that requires the

24 reviewing court to draw on its judicial experience and common sense." Id. at 1950.

25 //

26 //

27

28    [3] PMH also argues that a Motion to Strike is appropriate under Fed. R. Civ. P. 12(f). <u>See</u> PMH
      Mot. at 8. That motion is denied.

United States District Court
For the Northern District of California

1   **III.   DISCUSSION**

2          Plaintiff brings four causes of action under federal law, and all have statute of

3   limitations problems.  The Court addresses only these causes of actions at this time, as

4   without them, Plaintiff's case is unlikely to remain in federal court.  See Acri v. Varian

5   Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill,

6   484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are

7   eliminated before trial, the balance of factors . . . will point toward declining to exercise

8   jurisdiction over the remaining state law claims.").

9          The first of the federal claims (Plaintiff's Fifth overall) is a TILA damages claim

10  based on Defendants' failure "to provide Plaintiff with accurate material disclosures . . .

11  [failure to inform him of] "the pros and cons of adjustable rate mortgages in a language . . .

12  that they can understand and comprehend," "[failure to ] advise them to compare similar loan

13  products with other lenders," and "[failure to] offer other loan products that might be more

14  advantageous."  Cmplt. ¶ 63.

15         TILA provides a one-year statute of limitations "from the date of the occurrence of the

16  violation" for damages claims.  15 U.S.C. § 1640(e).  "The occurrence of the violation" is

17  widely understood as the time the loan transaction is consummated.  See, e.g., King v State

18  of California, 784 F.2d 910, 915 (1986); Rosal v. First Federal Bank of California, 671 F.

19  Supp. 2d 1111, 1122 (N.D. Cal. 2009).  In this case, the loan was consummated on April 27,

20  2006.  Cmplt. ¶ 2.  The Complaint was filed May 27, 2010.  See generally id.  Accordingly,

21  the one year limitations period has lapsed.  However, equitable tolling of civil damages

22  claims under TILA may suspend the limitations period until the borrower discovers or had a

23  reasonable opportunity to discover the fraud or nondisclosures.  See King, 784 F.2d at 915.

24  "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain

25  vital information bearing on the existence of [his] claim."  See Gomez v. Wachovia

26  Mortgage Corp., 2010 WL 291817 at *4 (N.D. Cal. Jan. 19, 2010) (internal quotations

27  omitted).

28

United States District Court
For the Northern District of California

The Complaint alleges in a conclusory manner that equitable tolling should apply. See Cmplt. ¶ 64 (any statute of limitations "were tolled due to Defendants' failure to effectively provide the required disclosures and notices"). It does not "explain how defendants concealed the true facts or why plaintiff could not otherwise have discovered the TILA violations at the consummation of the loan." See Keen v. American Home Mortgage Servicing, Inc., 2009 WL 3380454 at *3 (E.D. Cal. Oct. 21, 2009). Indeed, even if the one-year statute of limitation was tolled until Plaintiff's rate adjusted at the two year mark and he was "hit with extreme 'payment shock,'" Cmplt. ¶ 2, the Complaint was filed more than two years after that, and would appear to be untimely. Nonetheless, Plaintiff in his Opposition asks the Court to follow Gonzalez v. Ameriquest Mortgage Co., 2004 WL 2472249 (N.D. Cal. March 1, 2004) and toll the statute of limitations, because the loan documents were never provided in Plaintiff's native language, Tagalog. See Opp. at 18-19. This allegation is nowhere in the Complaint, however.

As the Court informed Plaintiff at the motion hearing, the Court will allow Plaintiff to amend the Complaint to add this allegation if he can do so in good faith. **Plaintiff must amend the complaint by January 7, 2011**, or his case will be dismissed with prejudice. Following amendment, the Court will determine whether Plaintiff exercised due diligence in preserving his claim. See Gomez, 2010 WL 291817 at *4 (finding that even if documents were not translated into Spanish, "Plaintiff did not allege any facts or circumstances that served to prevent her– in the exercise of all due diligence– from having the documents translated into Spanish or having a third party review the documents for her.").

The second federal cause of action (Plaintiff's Sixth overall) is a claim under RESPA, "1 U.S.C. § 2601 et seq."[4] Plaintiff does not specify which section of RESPA he sues on. The Complaint alleges that defendant Long Beach received hidden and unearned fees "in the form of a Yield Spread Premium," and that the fees were not reasonable. Cmplt. ¶ 72. The Yield Spread Premium apparently was disclosed to Plaintiff, but as a "credit for closing costs," which Plaintiff alleges was a "bait and switch tactic." Id. ¶ 73.

---

[4] The proper cite is 12 U.S.C. § 2601 et seq.

1    RESPA causes of action under section 2605 are governed by a three-year statute of

2    limitation.  See 12 U.S.C. § 2614; Rosal, 671 F. Supp. 2d at 125.  RESPA claims under

3    section 2607 are governed by a one-year statute of limitation.  See 12 U.S. C. § 2614.  The

4    Ninth Circuit apparently has not addressed whether equitable tolling is available under

5    RESPA, and district courts have reached different conclusions.  See, e.g., Brewer v. Indymac

6    Bank, 609 F, Supp. 2d 1104, 1118 (E.D. Cal. 2009); Kay v. Wells Fargo & Co., 247 F.R.D.

7    572, 578 (N.D. Cal. 2007).  Regardless, Plaintiff has not even requested equitable tolling on

8    this claim.  The Court therefore dismisses the RESPA claim with leave to amend, provided

9    Plaintiff can do so in good faith.

10    The third federal cause of action (Plaintiff's Twelfth overall) is for a Violation of

11    Regulation Z (TILA), as a result of which Plaintiff asserts his right of rescission.  Cmplt. ¶

12    102.  Plaintiff alleges that he "has not received numerous TIL [sic] initial disclosures, a

13    mandated Mortgage Loan Origination Agreement, California Insurance Disclosure, and

14    Separate Agreements to demonstrate Yield Spread Premiums," and that he "was a victim of

15    additional finance charges and deceptive manipulation in regard to baiting him into this type

16    of loan program."  Id. ¶ 103.  The fourth federal cause of action (Plaintiff's Thirteenth

17    overall) is essentially identical to the preceding cause of action– it is also for "Rescission"

18    and based on TILA violations.  See Cmplt. ¶¶ 106-107.

19    The rescission claims under TILA are untimely.  TILA provides a three year statute of

20    limitations "after the date of consummation of the transaction or upon the sale of the

21    property, whichever occurs first," for rescission claims.  See 15 U.S.C. § 1635(f).  That

22    statute of limitation is absolute; it cannot be tolled.  See 15 U.S.C. § 1635(f) ("right of

23    rescission shall expire three years after the date of consummation of the transaction . .

24    .notwithstanding the fact that the information and forms required under this section or any

25    other disclosures required under this part have not been delivered to the obligor"); Walker v.

26    Equiyt 1 Lenders Group, 2009 WL 1364430 at *6 (S.D. Cal. 2009), citing Taylor v. Money

27    Store, 42 Fed. Appx. 932 (1998) ("Equitable tolling does not apply to rescission under this

28    provision of TILA:).  Accordingly, the rescission claims are untimely both because they were

6

**United States District Court**
For the Northern District of California

1  filed over four years after the transaction was consummated, and because (according to

2  Plaintiff) the property has been sold.  See Cmplt. ¶ 153.  They are therefore dismissed with

3  prejudice.

4        The Court therefore GRANTS the Motions to Dismiss based on the untimely federal

5  claims, which provide the only basis for the Court's jurisdiction.  If Plaintiff can amend in

6  good faith and establish his entitlement to equitable tolling, he must do so **by January 7,**

7  **2011**, or his case will be dismissed with prejudice.  Plaintiff is advised that, while he is

8  amending his Complaint, he should also amend his state claims, taking into account the

9  objections Defendants raised in their motions, making certain that he has alleged the relevant

10  elements of each cause of action, specifying the precise laws he alleges have been violated,

11  and only bringing causes of action against the appropriate Defendants.

12  **IV.     CONCLUSION**

13        For the foregoing reasons, the Court GRANTS the Motions to Dismiss, with leave to

14  amend all but the rescission claims.

15        **IT IS SO ORDERED.**

16

17  Dated: December 16, 2010                CHARLES  R. BREYER
18                                    UNITED STATES DISTRICT JUDGE