United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CABRERA,<br><br>        Plaintiff,<br><br>   v.<br><br>LONG BEACH MORTGAGE ET AL,<br><br>        Defendant.<br>_____/ | No. C 10-03143 CRB<br><br>**ORDER GRANTING MOTIONS TO DISMISS AND REMANDING CASE TO STATE COURT** |

Now pending are two motions to dismiss pro se Plaintiff Luis Cabrera's First Amended Complaint (FAC). Though the FAC raises twenty-two causes of action, just four involve federal claims. The Court previously dismissed two of those federal claims with prejudice, and gave Plaintiff leave to amend the other two in order to demonstrate his entitlement to equitable tolling. Because Plaintiff's amendment does not so demonstrate, the Court DISMISSES the federal claims alleged in the FAC, with prejudice. The remainder of the case will be REMANDED to state court.

**I.     BACKGROUND**

In April 2006, Plaintiff entered into a "loan repayment and security agreement" with Defendant Long Beach Mortgage, which required him to repay a preexisting $664,000 loan, as well as a second loan of $166,000. Compl. ¶ 2. The loans were negative amortization loans. Id. When Plaintiff's rate adjusted in May 2008, he was "hit with extreme 'payment

shock.'" Id.

Plaintiff filed suit in state court on May 2010. See generally Compl. (dckt. no. 1 Ex. 1). The Complaint included causes of action for: (1) Declaratory Relief; (2) Injunctive Relief; (3) "Determine Nature, Extent and Validity of Lien"; (4) Contractual Breach of Good Faith and Fair Dealing; (5) Violation of TILA; (6) Violation of RESPA; (7) Violation of Cal. Civ. C. § 1916.7b(2); (8) Violation of Cal. Civil C. § 191801920, 1921; (9)Violation of Cal. Civil C. § 1916.7B; (10) Violation of Cal. Civil C. § 1916.7a(8); (11) Violation of Cal. Civil C. § 2079.16; (12) Violation of Cal. Civil C. § 226.23(3)[1]; (13) Rescission; (14) Fraud; (15) Unfair and Deceptive Acts and Practices; (16) Breach of Fiduciary Duty; (17) Unjust Enrichment; (18) Unconscionability; (19) Predatory Lending under Cal. Bus. and Prof. C. § 17200; (20) Quiet Title; (21) Wrongful Foreclosure; and (22) Slander of Title. Thus, just four of the twenty-two causes of action involved federal claims.

Defendants removed based on the Court's federal question jurisdiction over the TILA and RESPA claims. See Not. of Removal (dckt. no. 1) ¶ 3. In opposing motions to dismiss by Defendants PMH Financial and JPMorgan Chase Bank, see dckt. nos. 25 and 30, Plaintiff alleged for the first time that his English comprehension is poor and that the relevant documents were never given to him in his native language, Tagalog, see dckt. no. 32 at 14. Following a motion hearing on December 10, 2010, the Court dismissed Plaintiff's Complaint, finding that all four federal claims had statute of limitations problems, and adding that "without [the federal claims], Plaintiff's case is unlikely to remain in federal court." See dckt. no. 36 at 4.

The Court dismissed with prejudice Plaintiff's Twelfth and Thirteenth Causes of Action, which both sought rescission under TILA, as both were time-barred and not subject to equitable tolling. See id. at 6-7. The Court dismissed with leave to amend Plaintiff's Fifth Cause of Action, for damages under TILA, and his Sixth Cause of Action, for violation of RESPA. Id. at 4-6. It did so explaining that while both appeared to be time-barred, Plaintiff

---

[1] This appears to be an error; Plaintiff apparently means to have sued on 12 C.F.R. § 226.23.

should be given the opportunity to amend to try to demonstrate his entitlement to equitable tolling in light of the newly-raised failure-to-translate issue. Id. at 5-6.

Plaintiff has now amended. See dckt. no. 38. The FAC alleges the same twenty-two causes of action,[2] and now also includes the assertion that

> Plaintiffs are laypeople, and [sic] little command of the English language (Tagalog is their native language, not English). As low level English speaking laypeople, the standard of care is a low one. Plaintiffs were never given any documents to review in their native language of Tagalog, nor was there a loan officer present that could at least explain to them in Tagalog, what the documents they were signing to [sic] meant.

Compl. ¶ 78. The Complaint further describes Plaintiff having been rushed to sign documents he did not understand, stating:

> All Plaintiffs could do under the circumstances to satisfy the due diligence requirement of Equitable Tolling is to call the Bank and ask them exactly how their loan junctions and adjusts. The representative at [Defendant Long Beach] painted a very rosy picture for Plaintiff, and convinced him that he was more than able to afford the home he was applying for. However, the Long Beach representative failed to tell him and really sit down and explain to him that the initial payment schedule was only temporary, and that there [sic] payments would soon go up dramatically. It wasn't till only recently when Plaintiff's payments changed dramatically that he realized what he had gotten himself into. . . . Plaintiff could not have known what he was signing, not was he given copies of anything pertinent for him to take to someone and ask.

Id. ¶¶ 79, 80.

Defendants PMH Financial and JPMorgan Chase Bank have again each filed motions to dismiss. See dckt. nos. 40, 42.

## II.  LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-2000 (9th Cir. 2003). Under Federal Rule of Civil Procedure 8(a), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

---

[2] The FAC includes the same rescission causes of action that the Court has already dismissed with prejudice. See FAC ¶¶ 118-26; Order (dckt. no. 36 at 6-7). The Court's December 16, 2010 Order dismissing those causes of action with prejudice still stands, and the Court will not address those causes of action again.

3

According to the Supreme Court, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949-50. In determining facial plausibility, whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## III. DISCUSSION

The two remaining federal causes of action are the Fifth Cause of Action, for damages under TILA, and his Sixth Cause of Action, for violation of RESPA. This Order will address each in turn.

### A. The TILA Damages Claim

The FAC alleges a TILA damages claim based on Defendants' failure "to provide Plaintiff with accurate material disclosures . . . [failure to inform him of] "the pros and cons of adjustable rate mortgages in a language . . . that they can understand and comprehend," "[failure to ] advise them to compare similar loan products with other lenders," and "[failure to] offer other loan products that might be more advantageous." Compl. ¶ 77.

As the Court explained in its December 2010 Order, TILA provides a one-year statute of limitations "from the date of the occurrence of the violation" for damages claims. 15 U.S.C. § 1640(e). "The occurrence of the violation" means the time the loan transaction is consummated. See, e.g., King v State of California, 784 F.2d 910, 915 (9th Cir. 1986); Rosal v. First Federal Bank of California, 671 F. Supp. 2d 1111, 1122 (N.D. Cal. 2009). Here, that date was April 27, 2006. Cmplt. ¶ 2. The Complaint was filed May 27, 2010. See generally id. Accordingly, the one year limitations period has lapsed.

Nonetheless, equitable tolling of TILA damages claims may "suspend the limitations period until the borrower discovers or had a reasonable opportunity to discover the fraud or nondisclosures." See King, 784 F.2d at 915. "Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of [his] claim." See Gomez v. Wachovia Mortgage Corp., No. CV-09-02111 SBA, 2010 WL 291817, at *4 (N.D. Cal. Jan. 19, 2010) (internal quotations omitted). The FAC now alleges

4

that the Defendants' failure to translate the necessary information into Tagalog meant that Plaintiff did not really understand the terms of the loan he entered into. FAC ¶¶ 78-80.

Accepting that allegation as true, it is still insufficient. As the Court noted in its December 2010 Order, "even if the one-year statute of limitation was tolled until Plaintiff's rate adjusted at the two year mark and he was 'hit with extreme payment shock,' Cmplt. ¶ 2, the Complaint was filed more than two years after that, and would appear to be untimely." See Order (dckt. no. 36) at 5. The Court explained that "[f]ollowing amendment, the Court will determine whether Plaintiff exercised due diligence in preserving his claim." Id. Plaintiff has not demonstrated that he exercised any due diligence after the rate adjusted dramatically in May 2008. See Gomez, 2010 WL 291817, at *4 (finding that even if documents were not translated into Spanish, "Plaintiff did not allege, or imply, any facts or circumstances that served to prevent her– in the exercise of all due diligence– from having the documents translated into Spanish or having a third party review the documents for her."). Plaintiff alleges that "All Plaintiffs could do under the circumstances to satisfy the due diligence requirement of Equitable Tolling is to call the Bank and ask them exactly how their loan junctions and adjusts. The representative at [Defendant Long Beach] painted a very rosy picture for Plaintiff, and convinced him that he was more than able to afford the home he was applying for." FAC ¶ 79.[3] But these allegations pertain to the origination of the loan; Plaintiff includes no allegations of efforts he made once his rate adjusted, putting him on notice that the "very rosy picture" painted was inaccurate.

No allegations demonstrate excusable delay by the Plaintiff. See Santa Maria v. Pacific Bell, 202 F.3d 1170, 1178 (9th Cir. 2000). Accordingly, the TILA damages claim is dismissed with prejudice.

//

//

---

[3] Similarly, in his Opposition, Plaintiff asserts: "The very nature of these subprime loans is that the layperson never KNOWS that the damages has occurred until the interest rates begin to wildly change, NOT when he signed on the dotted lone." Opp. (dckt. no. 46) at 24. But that is entirely the Court's point: Plaintiff was on notice when his rate adjusted, in May 2008.

### B. The RESPA Claim

The FAC also alleges a RESPA claim under "1 U.S.C. § 2601 et seq.,"[4] based on defendant Long Beach's receipt of hidden and unearned fees "in the form of a Yield Spread Premium." See FAC ¶ 89. The Yield Spread Premium apparently was disclosed to Plaintiff, but as a "credit for closing costs," which Plaintiff alleges was a "bait and switch tactic." Id. ¶ 90. In its December 2010 Order, the Court directed Plaintiff to specify what section of RESPA he sued on (the original Complaint also only referenced "1 U.S.C. § 2601 et seq.") and noted that "Plaintiff has not even requested equitable tolling on this claim." See Order (dckt. no. 36) at 6-7. Plaintiff made neither change to this cause of action. In his Opposition,[5] Plaintiff asserts that "Plaintiff is not required to plead specific RESPA sections or facts to assert a RESPA claim against Defendant." Opp. (dckt. no. 46) at 31. Not so. The Court gave Plaintiff leave to amend, and he has not done so.[6] The RESPA claim is therefore also dismissed with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motions to Dismiss as to the two remaining federal claims, with prejudice. The Court declines to exercise jurisdiction over the remaining state law claims, and therefore REMANDS the remaining case to state court. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining

//

//

---

[4] The proper cite is 12 U.S.C. § 2601 et seq.

[5] Plaintiff's Oppositions, filed a week late, were each over forty pages and thus well beyond the Court's page limit.

[6] Plaintiff's request that "the court allow him the chance to remedy any deficiencies in the pleadings," id. at 29, is therefore also denied.

6

1 | to exercise jurisdiction over the remaining state-law claims.").

2 | **IT IS SO ORDERED.**

4 | Dated: March 25, 2011

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE